LANDRETH *v.* STATE.*

(Division B.     Dec. 6, 1926.)

[110 So. 508.     No. 25768.]

CRIMINAL LAW. *New trial, because jury deliberated in courtroom where county library was located, held properly denied.*

New trial *held* properly refused in murder prosecution, on ground that jury deliberated in courtroom where county library was located.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1172, n. 59.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

G. H. Landreth was convicted of murder, and he appeals. Affirmed.

*Bratton & Mitchell,* for appellant.

We submit that where a trial lasted as long as this one did, it was very improper that the jury should have been permitted, night after night and time after time, to remain in the main courtroom where the county library was located and where they had access to the law books.

It is true that we have no proof that they read these books; but the proof is that while the jury was in this courtroom where the library is located, the deputies who were guarding them were busily engaged about the operation and manipulation of a radio and, therefore, the opportunity was ample, and some of the jurors could have and perhaps did read the law books, thereby trying to determine for themselves what the law in a case of this kind is, instead of submitting themselves to the given charges by the court as to the law.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The testimony of W. S. Vardaman, the bailiff for the jury, showed that in the evening during the trial the jury stayed in the courtroom with him and the other bailiff for the purpose of listening in on a radio; that they were all together at all times in the courtroom and that none of them read the books in the county library, or any other book or paper.

The other bailiff did not testify. However, counsel for defendant and the state agreed that his testimony would have been the same as Mr. Vardaman's. The testimony on the motion showed that there was nothing read by the jury that would in any way affect their ver-

dict and the motion was properly overruled. *White* v. *State,* 107 So. 755; *Ned* v. *State,* 33 Miss. 364.

Argued orally by *C. A. Bratton,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

HOLDEN, P. J., delivered the opinion of the court.

G. H. Landreth appeals from a conviction of murder and a sentence to the penitentiary for life.

Landreth shot and killed E. B. Hearon. The evidence for the state fully justified the jury in finding Landreth guilty of an inexcusable and wanton murder. We shall not set out the testimony in the case, because we see nothing to be gained by doing so. The facts and circumstances connected with the killing disclose a crime accompanied with debauchery and flagrant immorality, and the least said about it is probably the best.

The grounds urged for reversal by appellant have been carefully considered by us, and we find no merit in any of them. The motion for change of venue was properly overruled; the court committed no error in granting instructions nor in refusing instructions; nor was it error for the court to refuse a new trial upon the ground that the jury deliberated in the courtroom where the county library was located. None of the points presented by appellant constitute reversible error; therefore the judgment of the lower court is affirmed.

*Affirmed.*